IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED SERVICES AUTOMOBILE ASSOCIATION, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO. 2:22-cv-00291-JRG-RSP |
| TRUIST BANK, | § § | |
| *Defendant.* | § § | |

**MEMORANDUM ORDER**

United Services Automobile Association ("USAA") sued Truist Bank alleging infringement of patents directed to mobile check deposit technology. Truist moves to transfer venue pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Western District of North Carolina ("WDNC"). **Dkt. No. 16**. For the following reasons, the motion is **DENIED**.

**I.    Law**

A federal district court may transfer a case "for the convenience of parties and witnesses" to "any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Section 1404(a)'s threshold inquiry is whether the case could initially have been brought in the proposed transferee forum. *In re Volkswagen AG*, 371 F.3d 201, 202-03 (5th Cir. 2004) ("*Volkswagen I*"). The question of whether a suit "might have been brought" in the transferee forum encompasses subject matter jurisdiction, personal jurisdiction, and proper venue. *Id.* at 203. Only if this statutory requirement is met should the Court determine whether convenience warrants a transfer of the case. See *Id.*; *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) ("*Volkswagen II*"). The burden to prove that a case could have been brought in the transferee forum falls on the party

seeking transfer. See *Volkswagen II*, 545 F.3d at 315; *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963).

If that inquiry is satisfied, the Court determines whether transfer is proper by analyzing and weighing various private and public interest factors. *Id.*; accord *In re Nintendo Co., Ltd.,* 589 F.3d 1194, 1198 (Fed. Cir. 2009); *In re Apple Inc.*, 979 F.3d 1332, 1338 (Fed. Cir. 2020) (applying Fifth Circuit law). The private interest factors are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315 (quoting *Volkswagen I,* 371 F.3d at 203). The public interest factors are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* (quoting *Volkswagen I*, 371 F.3d at 203) (alterations in original). The factors are neither exclusive nor exhaustive, and no one factor is dispositive. *Id.*

The burden to prove that a case should be transferred for convenience falls squarely on the moving party. *Id.* Although the plaintiff's choice of forum is not a separate factor, respect for the plaintiff's choice of forum is encompassed in the movant's elevated burden to "clearly demonstrate" that the proposed transferee forum is "clearly more convenient" than the forum in which the case was filed. *Id.* at 314-15; *Apple*, 979 F.3d at 1338. While "clearly more convenient" is not necessarily equivalent to "clear and convincing," the moving party "must show materially more than a mere preponderance of convenience, lest the standard have no real or practical meaning." *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D.

2

Tex. Nov. 27, 2019). In considering a transfer under § 1404(a), the Court may consider undisputed facts outside of the pleadings but must draw all reasonable inferences and resolve factual disputes in favor of the non-movant. See *Vocalife LLC v. Amazon.com, Inc.*, No. 2:19-cv-00123, 2019 U.S. Dist. LEXIS 205696, 2019 WL 6345191, at *2 (E.D. Tex. Nov. 27, 2019); *cf. Trois v. Apple Tree Auction Cent. Inc.*, 882 F.3d 485, 492-93 (5th Cir. 2018) (reviewing a transfer under § 1406); *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) (reviewing enforcement of a forum-selection clause).

## II.     Analysis

USAA does not oppose Truist's argument that suit could have been brought in the WDNC. Accordingly, the Court will move forward with the private and public factors.

The parties' arguments with respect to evidence and witnesses are nearly identical for each category thereof. Truist argues that WDNC is more convenient because it is headquartered in Charlotte, North Carolina, and argues that its documents, willing witnesses, and third party witnesses with relevant information, such as former employees, can be found in or proximate to the WDNC. USAA opposes because it is headquartered in San Antonio, Texas, and similarly argues that it has documents, willing witnesses, and third party witnesses with relevant information proximate to this Court.

Clearly, one party, its ability to produce necessary documentation, and its witnesses' ability to attend are going to be inconvenienced more than the other whether suit is here or in the WDNC. Accordingly, this factor is essentially neutral.

The parties next argue judicial economy, which Truist argues is at best neutral. Dkt. No. 16 p 12. The "consideration of the interest of justice, which includes judicial economy, may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses

might call for a different result." *Lifestyle Sols., Inc. v. Abbyson Living LLC*, No. 2:16-cv-1290-JRG-RSP, 2017 WL 5257006, at *4 (E.D. Tex. Nov. 10, 2017) (quoting *Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997)). "[C]ourts have consistently held that judicial economy plays a paramount role in trying to maintain an orderly, effective, administration of justice." *In re Vistaprint Ltd.*, 628 F.3d 1342, 1346, 1347 (Fed. Cir. 2010) (affirming denial of transfer). It is "beyond question" that other "cases involving some overlapping issues" are relevant to the private interest factors. *In re Apple Inc.*, 979 F.3d 1332, 1344 (Fed. Cir. 2020). ("Deference is particularly appropriate" where the court has "prior familiarity with the patents and opportunity to resolve two cases involving the same product and patents." *In re Eli Lilly & Co.*, 541 F. App'x 993, 994 (Fed. Cir. 2013).

This Court has extensive familiarity with two of the three patents in suit. See, *USAA v. Wells Fargo Bank, N.A.*, No. 2:18-cv-0245-JRG; *USAA v. PNC Bank, N.A.*, No. 2:20-cv-0319-JRG. The Court has engaged in lengthy claim construction, motion practice and multiple jury trials in these matters. In light of prior experience, judicial economy weighs heavily against transfer.

Regarding court congestion, the parties present conflicting statistics regarding the WDNC. Suit is already underway in this Court, which has a history of expeditiously taking causes of action to trial. This factor is at best neutral.

Regarding local interest, "[T]his factor most notably regards not merely the parties' significant connections to each forum writ large, but rather the 'significant connections between a particular venue and the events that gave rise to a suit.'" *In re Apple*, 979 F.3d at 1345 (quoting *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010)). The underlying technology relates to using a mobile phone to deposit checks into a bank account from any location. In other words, the alleged actions giving rise to infringement are not tied to either district. This is not, for example, a

4

breach of contract claim with performance within a particular district. In the absence of significant connections between the venues and the events giving rise to suit, Truist is headquartered in Charlotte, North Carolina, which is in the WDNC, whereas USAA resides just outside of this district. This factor slightly favors transfer.

The remaining public factors are neutral.

Considering the movant's elevated burden to "clearly demonstrate" that the proposed transferee forum is "clearly more convenient" than the forum in which the case was filed, *Volkswagen II*, 545 F.3d at 314-15; *Apple*, 979 F.3d at 1338, and the weight accorded judicial economy, Truist has not satisfied its burden.  Accordingly, the motion to transfer **(Dkt. No. 16)** is **DENIED**.

**SIGNED this 8th day of April, 2023.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE